RECEIPT NUMBER
934595

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD E. HAWKINS, SALVATORE CIATTI, and GERALD P. JAKUBIK, on behalf of thems and a similarly situated class,

Plaintiffs,

v.

HOWDEN BUFFALO, INC.

Defendant.

JUDGE : Hood, Denise Page
DECK : S. Division Civil Deck
DATE : 11/21/2005 @ 16:20:43
CASE NUMBER : 2:05CV74437
CMP GERALD E HAWKINS V HOWDEN BUFFALO (AWT)

[MAGISTRATE JUDGE SCHEER]

## COMPLAINT AND JURY DEMAND

Plaintiffs Gerald E. Hawkins, Salvatore Ciatti and Gerald P. Jakubik (the "Class Representatives") on behalf of themselves and all similarly situated persons in the proposed class described in this Complaint, by their attorneys, Klimist, McKnight, Sale, McClow & Canzano, P.C., file this Complaint against Defendant Howden Buffalo, Inc. as follows:

1. This action is brought as a class action by the Class Representatives on behalf of themselves and a similarly situated class of retirees pursuant to Rule 23(a) and 23(b)(1) and (2) of the Federal Rules of Civil Procedure.

2. Count I is brought under §301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185, and seeks damages for breach of a collective bargaining agreement as well as declaratory and injunctive relief.

3. Count II is brought under §502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(a)(1)(B), and seeks to recover benefits due and to clarify rights to benefits due under an employee welfare benefit plan.

KLIMIST, McKNIGHT, SALE, McCLOW & CANZANO, P.C.
Attorneys at Law
400 GALLERIA OFFICENTRE • SUITE 117
SOUTHFIELD, MI 48034-8460
TELEPHONE (248) 354-9650
FAX (248) 354-9656

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Count I under §301 of the LMRA, 29 U.S.C §185. This Court has jurisdiction over Count II under §502(a)(1)(B), §502(a)(3), §502(e)(1), and §502(f) of ERISA, 29 U.S.C. §1132(a)(1)(B), §1132(a)(3), §1132(e)(1), §1132(f), and applicable federal common law. Venue in this judicial district is proper under §301 of LMRA, 29 U.S.C. §185, and §502(e)(2) and §502(f) of ERISA, 29 U.S.C. §1132(e)(2) and §1132(f).

## PARTIES

5. Defendant Howden Buffalo, Inc. (hereinafter "Defendant") is a Delaware corporation that operates a facility in Dearborn, Michigan.

6. Upon information and belief, Defendant is the successor to American Standard, Inc. and American Davidson, Inc. who were parties to a series of collective bargaining agreements with the International Union, United Automobile, Aerospace & Agricultural Implement Workers of America (hereinafter "UAW") and UAW Local 254.

7. Class Representative Gerald E. Hawkins resides at 29562 Oakley, Livonia, Michigan 48154. He retired from employment with Defendant's predecessors and, as an employee, was represented in collective bargaining by the UAW as part of the research, drafting and plant clerical bargaining unit.

8. Class Representative Salvatore Ciatti resides at 6836 Asbury Park, Detroit, Michigan 48228. He retired from employment with Defendant's predecessors and, as an employee, was represented in collective bargaining by the UAW as part of the factory bargaining unit.

9. Class Representative Gerald P. Jakubik resides at 12833 Ward, Southgate, Michigan 48195. He retired from employment with Defendant's predecessors and, as an employee, was represented in collective bargaining by the UAW as part of the factory bargaining unit.

## CLASS ACTION ALLEGATIONS

10. The Class Representatives bring this class action on behalf of themselves and other similarly situated former employees who retired from Defendant's predecessors and who were represented by the UAW in collective bargaining in the factory, drafting, research and clerical bargaining units ("Class").

11. The exact number of members of the Class is not presently known, but is so numerous that joinder of individual members in this action is impracticable.

12. There are common questions of law and fact in the action that relate to and affect the rights of each member of the Class. The relief sought is common to the entire Class, as set forth below in Counts I and II of this Complaint.

13. The claims of the Class Representatives are typical of the claims of the Class in that the Class Representatives claim that Defendant is obligated to provide all members of the Class, including the Class Representatives, with the same collectively bargained retiree health care benefits. There is no conflict between any Class Representative and other members of the Class with respect to this action.

14. The Class Representatives are the representative parties for the Class, and are able to and will fairly and adequately protect the interests of the Class.

15. The attorneys for the Class Representatives are experienced and capable in the field of labor law and ERISA and have successfully prosecuted numerous class actions of a similar nature.

16. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding injunctive relief appropriate with respect to the Class as a whole.

KLIMIST, MCKNIGHT, SALE, MCCLOW & CANZANO, P.C.
Attorneys at Law
400 Galleria Officentre • Suite 117
Southfield, MI 48034-8460
Telephone (248) 354-9650
Fax (248) 354-9656

17. This action is properly maintained as a class action in that the prosecution of separate actions by individual members would create a risk of adjudication with respect to individual members which would establish incompatible standards of conduct for the Defendant.

18. This action is properly maintained as a class action in that the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

## COUNT I
## VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

19. Plaintiffs re-allege and incorporate by reference the above paragraphs as though fully set forth in this Count I.

20. The UAW is a labor organization as defined in §2(5) of the National Labor Relations Act, 29 U.S.C. §152(5), with its headquarters and principal office within this judicial district. Prior to their retirement, the UAW represented the Class Representatives and other members of the Class in the negotiation of collective bargaining agreements.

21. The UAW and Defendant's predecessors in interest, American Standard and American Davidson, negotiated a series of collective bargaining agreements that obligated Defendant to provide vested lifetime retiree health care benefits for the members of the Class.

22. The relevant portions of the collective bargaining agreements for the factory and the drafting, research and plant clerical bargaining units provided that effective August 1, 1969, any employee who retired and received benefits under the pension plan would receive health care benefits during the life of the pensioner without cost to the pensioner.

23. In about August 2005, Defendant informed the Class Representatives and the Class members that it would terminate their health care benefits effective January 1, 2006.

24. Defendant's threat to terminate the health care benefits is a breach of Defendant's contractual obligation to provide vested lifetime retiree health care benefits to the Class.

25. The parties to the applicable collective bargaining agreements understood at the time they entered into those agreements that the retiree health care provisions of the agreements dealt with matters of obvious mental concern and solicitude for the retirees, their spouses, and their dependents.

26. Defendant's breach of their contractual obligations as set forth in this Count has caused the Class Representatives and similarly situated Class members monetary damages and great mental anguish and distress.

## COUNT II
## VIOLATION OF ERISA PLAN

27. Plaintiffs re-allege and incorporate by reference the above paragraphs of this Complaint as though set forth in this Count II.

28. Defendant was at all relevant times the relevant "employer" within the meaning of §3(5) of ERISA, 29 U.S.C. §1002(5).

29. The collectively bargained agreements described in paragraphs 21 and 22 of this Complaint under which retiree health care benefits are provided to the Class Representatives and Class members is an "employee welfare benefit plan" within the meaning of §3(3), of ERISA 29 U.S.C. §1002(1).

30. Defendant is or was at relevant times the "plan sponsor" and/or "administrator" of the employee welfare benefit plan, within the meaning of §3(16)(A)-(B) of ERISA, 29 U.S.C. §1002(16)(A)-(B).

31. The Class Representatives and Class members are "participants" in the employee welfare benefit plan, within the meaning of §3(7) of ERISA, 29 U.S.C. §1002(7).

32. The terms of the employee welfare benefit plan requires the Defendant to provide vested lifetime retiree health care benefits to the Class Representatives and the Class members.

33. Defendant's threatened termination of the retiree health care benefits effective January 1, 2006 of the Class Representatives and the Class members is a breach of its obligations under the employee welfare benefit plan.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter a declaratory judgment against Defendant under ERISA and the LMRA to provide vested lifetime retiree health care benefits to the Class Representatives and Class members as set forth in the applicable collective bargaining agreements.

B. Enter preliminary and permanent injunctive relief requiring the Defendant to maintain the level of retiree health care benefits in effect as of December 2005, as required by the terms of the applicable collective bargaining agreements.

C. Order the Defendant to pay damages, plus interest, to the Class Representatives and Class members for any losses incurred as a result of its modification or termination of the retiree health care benefits.

D. Order the Defendant to pay damages for mental distress and anguish suffered by the Class Representatives and Class members resulting from Defendant's breach of its contractual obligation to provide health care benefits to the Class Representatives and Class members.

E. Award Plaintiffs attorney fees, punitive damages, and costs incurred of this action.

F. Grant such further relief as may be deemed necessary and proper.

### JURY DEMAND

Plaintiffs request a jury trial of all issues so triable.

Respectfully submitted,

KLIMIST, McKNIGHT, SALE
McCLOW & CANZANO, P.C.

ROGER MCCLOW (P27170)
DAVID R. RADTKE (P47016)
Attorneys for Class Representatives
400 Galleria Officentre, Suite 117
Southfield, MI  48034-8460
(248) 354-9650

Dated:     November 21, 2005

P:\UAW\International\HowdenBuffalo\Pleadings\Complaint.01.wpd



JS 44 11/99 **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: Wayne

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## I. (a) PLAINTIFFS
Gerald Hawkins, Salvatore Ciatti and Gerald Jakubik, on behalf of themselves and a similarly situated class,

## DEFENDANTS
Howden Buffalo, Inc.

(b) County of Residence of First Listed: Wayne

County of Residence of First Listed: Wayne
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(C) Attorney's (Firm Name, Address, and Telephone Number)
David R. Radtke (P47016)    248-354-96540
Klimist, McKnight, Sale, McClow & Canzano
400 Galleria Officentre, Suite 117, Southfield, MI 48034

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21: 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel And Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth In Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multi district Litigation
- [ ] 7 Appeal to District Judge from Magistrate

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Action for retiree health care benefits.    29 U.S.C. §185, 29 U.S.C. 1132

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    $ DEMAND

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE: 11/21/05    SIGNATURE OF ATTORNEY OF RECORD: [signature]

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :