UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD E. HAWKINS, SALVATORE
CIATTI, on behalf of themselves and a
similarly situated class,

        Plaintiffs,

v.                                          Case No. 05-CV-74437
                                          Honorable Denise Page Hood

HOWDEN BUFFALO, INC.,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF STANDING AND MOOTNESS AND DISMISSING PLAINTIFFS' COMPLAINT WITHOUT PREJUDICE

### I. INTRODUCTION

In this ERISA action, Plaintiffs are seeking clarification as to future benefits. Now before the Court is Defendant's motion to dismiss for lack of standing and mootness **[Docket No. 15, filed February 28, 2006]**. The matter was fully briefed and is now appropriate for determination. For the reasons stated below, the Court finds that Defendant's motion to dismiss is **GRANTED** for lack of standing and Plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE**.

### II. BACKGROUND

Plaintiffs filed the present action on November 21, 2005 alleging violation of the

collective bargaining agreement and Employee Retirement Income Security Act ("ERISA"). Plaintiffs are seeking damages and declaratory relief. The facts are taken from the complaint and parties' briefs to the extent that they agree.

Class representatives, Gerald E. Hawkins, Salvatore Ciatti, and Gerald P. Jakubik, are Michigan residents that retired from employment from a predecessor of Defendant Howden Buffalo, Inc. The UAW represented Plaintiffs in collective bargaining agreements ("CBAs") with Defendant predecessors. Plaintiffs allege that the CBAs require Defendant to provide lifetime retiree health care benefits to Plaintiffs and those similarly situated. The CBA provides that, effective August 1, 1969, retirees under the pension plan would receive lifetime health care benefits without any cost to the retiree.

In August 2005, Defendant informed Plaintiffs that health care benefits would be terminated effective January 1, 2006. On February 9, 2006, Defendant advised Plaintiffs that it would not terminate retiree health care coverage and indicated that it had no present intention to terminate benefits in the future.

### III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows this Court to dismiss an action for lack of subject matter jurisdiction. Motions under 12(b)(1) are either facial attacks or factual attacks. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A facial attack challenges the pleading itself. The Court must take all material allegations in the complaint as true, and construe them in a light most favorable to the nonmoving party. *Id.* Where subject matter jurisdiction is factually attacked, the plaintiff must demonstrate that there is subject matter jurisdiction and "the trial court is free to weigh the evidence and satisfy itself as to

the existence of its power to hear the case." *Id.* The Court makes no presumption of truthfulness and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

**IV.   DISCUSSION**

At issue is whether this Court has jurisdiction over Plaintiffs' complaint. Defendant alleges that the Court does not have jurisdiction because Plaintiffs have no standing and their action is moot.

Standing is a jurisdictional matter and a threshold question that must be resolved before the Court can consider any substantive issues. *Planned Parenthood Ass'n v. City of Cincinnati*, 822 F.2d 1390, 1394 (6th Cir. 1987). Federal court consideration is limited to actual cases or controversies. *North Am. Natural Resources, Inc. v. Strand*, 252 F.3d 808, 812 (6th Cir. 2001). Article III of the Constitution provides that "[t]he judicial Power shall extend to all Cases, in Law and Equity… [and] to Controversies…" U.S. Const., Art. III, § 2, cl. 1. Standing requires the presence of three elements: (1) plaintiff suffered an "injury in fact," which is both concrete and particularized and actual or imminent; (2) a causal connection between the injury and the offensive conduct such that the injury can be traced to the defendant's actions; and (3) the injury is likely to be redressed with a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). "A plaintiff bears the burden of demonstrating standing and must plead its components with specificity." *Coyne v. American Tobacco Co.,* 183 F.3d 488, 494 (6th Cir. 1999) (citing *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982)).

In actions for declaratory relief, such as the present one, the Court must be careful not to

3

render an "advisory opinion[] on the basis of hypothetical controversies." *See Sankyo Corp. v. Nakamura Trading Corp.*, 139 Fed. Appx. 648, 651 (6th Cir. 2005) (quoting *Kardules v. City of Columbus*, 95 F.3d 1335, 1343-44 (6th Cir. 1996)); *see also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937) ("It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.") "Allegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be 'certainly impending' to constitute injury in fact." *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990).

29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act is a standing provision. *Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520, 1524 (11th Cir. 1987) ("Section 1132 is essentially a standing provision: it sets forth those parties who may bring civil actions under ERISA and specifies the types of actions each of those parties may pursue. These standing provisions must be construed narrowly; civil actions under ERISA are limited only to those parties and actions Congress specifically enumerated in section 1132.") It provides that a plan participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." As such, the Court may order damages as to accrued benefits, a declaratory judgment as to entitlement to benefits, or an injunction against the refusal to pay benefits due. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). Although section 1132(a)(1) allows plan participants to assert an action to clarify future benefits, it does not abrogate the requirement that there must be an injury in fact in order for the Court to assert jurisdiction over the action. *See Janowski v. International Brotherhood of Teamsters*, 673 F.2d

4

931 (7th Cir. 1982) (Defendants changed the retirement age from 57 to 65) *vacated and remanded for reconsideration of attorneys' fees*, 463 U.S. 1222, (1983); *Chambless v. Masters, Mates & Pilots Pension Plan*, 571 F.Supp. 1430 (D.C.N.Y. 1983) (Defendant suspended plaintiff's retirement benefits).

Declaratory relief is also appropriate for an action under section 301 of the Labor Management Relations Act. *See Gen. Elec. Co. v. Local 761, Intern. Union of Elec., Radio and Mach. Workers, AFL-CIO*, 395 F.2d 891 (6th Cir. 1968) (deeming action for declaratory judgment under section 301 of the Labor Management Relations Act moot after a collective bargaining agreement expired by its own terms); *see* also *El Paso Bldg. and Const. Trades Council v. El Paso Chapter Associated General Contractors of America*, 376 F.2d 797, 800 (5th Cir. 1967) ("[I]t has been generally accepted that the scope of Sec. 301 [of the Labor Management Relations Act] is not restricted to suits for damages or specific enforcement;" parties may seek declarations of their rights under a collective bargaining agreement.) However, the Court must first have jurisdiction over the action before it may determine whether declaratory relief is appropriate under the section. *See Id.*; *see also Mengel Co. v. Nashville Paper Products and Specialty Workers Union, No. 513,* 221 F.2d 644, 648 (6th Cir. 1955).

The Court finds that Plaintiffs have not suffered an actual injury and any claimed injury is speculative in nature. Defendant advised that it would terminate benefits for retirees but before taking *any* action on retiree benefits rescinded. Defendant then indicated that it had no intention to revise benefits in the future.

Plaintiffs direct the Court to *Kerns v. Caterpillar, Inc.*, 499 F.Supp.2d 1005 (M.D. Tenn. 2007). In *Kerns*, the surviving spouses of former employees sought relief under ERISA and

5

section 301 of the Labor Management Relations Act asserting that their healthcare benefits under a collective bargaining agreement had vested. Caterpillar notified the surviving spouses that they had an obligation to pay health care premiums. It later informed the spouses that the premiums were waived. The *Kerns* court found that the surviving spouses' claims were not moot. *Id.* at 1023-24. The court noted that, although Caterpillar had not charged the spouses a premium, it had made other changes such as increasing co-payments and deductibles. *Id.* at 1024. The case here is distinguishable. Nothing has changed. Plaintiffs are receiving the exact same benefits now as they were receiving prior to the letter advising that benefits would be terminated, which letter was rescinded. There is only a possible threat of future change. The Court cannot make a declaration based on hypotheticals. The Constitution requires that there is an injury in fact that is certainly imminent. Plaintiffs cannot make such a claim. *If* Defendants were to terminate or change retiree benefits in the near or distant future, *then* Plaintiffs have a right to seek redress before the Court. At this point, the Court cannot determine Plaintiffs' right to benefits based on a hypothetical injury that may or may not happen. Plaintiffs have not suffered any injury in fact and, accordingly, lack standing.

V.   **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss for lack of standing **[Docket No. 15, filed February 28, 2006]** is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

S/Denise Page Hood
United States District Judge

Dated:  March 30, 2012

    I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2012, by electronic and/or ordinary mail.

                                            S/LaShawn R. Saulsberry  
                                            Case Manager