UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD E. HAWKINS, SALVATORE
CIATTI, on behalf of themselves and a
similarly situated class,

                Plaintiffs,

v.                                                      Case No. 05-CV-74437
                                                      Honorable Denise Page Hood

HOWDEN BUFFALO, INC.,

                Defendant.

_____/

**ORDER DENYING MOTION FOR REHEARING/RECONSIDERATION**

      This matter is before the Court on Plaintiffs' Motion for Rehearing/Reconsideration filed April 9, 2012. Plaintiffs assert that the Court's March 30, 2012 Order dismissing the action without prejudice for lack of standing and mootness was entered in error and that the Court's conclusion that there "is only a possible threat of future change" constitutes a palpable error. Plaintiffs relies on the Sixth Circuit case, *Winnett v. Cterpillar, Inc.* 609 F.3d 404 (6th Cir. 2010), which was not previously cited by Plaintiffs prior to filing the instant motion. For the reasons set forth below, Plaintiffs' Motion for Rehearing/Reconsideration is denied.

      The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the

> court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

As noted by Plaintiffs in their Motion for Reconsideration, they rely upon the authority cited in their initial brief, which this Court finds re-hashes their previous arguments. (Motion, p. 2) Plaintiffs raise a Sixth Circuit case, *Winnett, supra,* which this Court finds is inapplicable since the issue before the appeals court was whether the statute of limitations applied to bar that action. Here, the issue is subject matter jurisdiction based on injury in fact and mootness. The issue of whether the statute of limitations bar Plaintiffs' action was not before this Court. This new argument based on a case not cited by Plaintiffs previously cannot be considered in a Motion for Reconsideration.

Even if the Court were to consider *Winnett* for the proposition that Plaintiffs' claims are ripe and that they have suffered an injury in fact when Defendant informed Plaintiffs on August 26, 2005 that their health care benefits would be terminated, Plaintiffs is still unable to show they have suffered an injury in fact since Defendant rescinded the termination of the health care benefits in February 2006. It may be that the August 26, 2005 notice by Defendant to Plaintiffs announcing the termination of Plaintiffs' health care benefits was the time when Plaintiffs' claims accrued. However, the issue of whether there exists a case or controversy under Article III of the United

States Constitution is a separate affirmative defense from the statute of limitations affirmative defense addressed in *Winnett.  See Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697, 702 (6th Cir. 1978).  Defendant moved for dismissal based on whether the Court lacks subject matter jurisdiction because there exists no case or controversy under Article III and mootness.  A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue.  *Cleveland Branch, NAACP v. City of Parma,* 263 F.3d 513, 530 (6th Cir. 2001).

Accordingly,

IT IS ORDERED that Plaintiffs' Motion for Rehearing/Reconsideration (**Doc. No. 31**) is DENIED.

                                    S/Denise Page Hood
                                    Denise Page Hood
                                    United States District Judge

Dated:  March 19, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 19, 2013, by electronic and/or ordinary mail.

                                    S/LaShawn R. Saulsberry
                                    Case Manager